BOLIN, Judge.
Plaintiff sues defendant for $2073.50 allegedly due as rent for the unexpired term •of a three-year written lease for office space. After defendant had occupied the premises for approximately two years it notified lessor it was unable to pay the monthly rent .and intended to vacate the offices shortly ■.thereafter. Plaintiff, pursuant to the acceleration clause in the lease, instituted suit for Ihe entire balance due and in connection therewith sequestered some movable property located in the leased premises. Defendant denied the validity of the lease and reconvened for damages for the alleged ille•gal seizure of its property. The lower court rendered judgment in plaintiff’s favor as prayed for, rejected defendant’s reconven-tional demand, and defendant appeals.
The defendant is a non-profit corporation ■the affairs of which are managed by a board .of directors. The written contract of lease was executed on September 23, 1961, was to expire November 30, 1964, and was signed -on behalf of the defendant corporation by Charles E. Doerler, its Managing Director. Rentals were to be paid monthly with the provision that failure to pay any monthly installment would mature the entire unpaid balance of the lease. The office space was -occupied and the rent was paid through December, 1963. Notice of intention to -terminate the lease and vacate the premises ■on January 1, 1964, was given on November 5, 1963, by letter addressed to plaintiff’s .agent and signed by Carl Pons, President of ■defendant corporation.
The main defense is based on the contention Doerler lacked authority to execute the lease for defendant corporation. The basis of this claim is that the charter of the corporation granted the management of the affairs of the corporation exclusively to the Board of Directors and that Doerler was not specifically authorized by the board to sign the lease on behalf of the corporation.
The defense asserted by the corporation is without merit. The minutes of the Board of Directors’ meeting of defendant corporation for September 26, 1961, contain the following entry:
“Building Committee
“Chairman Glen Walker reported that after an exhaustive study of building space in Shreveport the best proposal was that of the Medical Arts Building, and that the rent free location offered to the Council was inconvenient 'for the Safety Council since all business conducted and day to day contacts made were remote from the space offered.”
“Business
⅝ * * * * *
“Authorization for the renewal of the lease with Medical Arts Building Corporation was unanimously granted upon a motion by Glenn Walker, seconded by Benton Kelly. A lease will be signed this week.”
* * * * * *
Since specific authorization for the renewal of the lease was approved by the Board of Directors as evidenced by the quoted minute entry, it was unnecessary for the grant of authority to specify the person designated to execute same, particularly since the record reflects Doerler, as Managing Director, had signed the previous three-year lease in accordance with which defendant corporation had occupied the identical premises.
The Managing Director was the person charged with the responsibility of managing the corporation and as such was clothed with apparent authority to execute the lease on behalf of the Board of Directors. When in the usual course of its business a corporation has permitted an officer to *915 manage its affairs, his authority is implied. Friedman v. Noel Estate, Inc., 236 La. 862, 109 So.2d 447 (1959).
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.