ON REHEARING
STOKER, Judge.
We granted a rehearing in this case on the application of Louis Williams, plaintiff- *352 appellee, for consideration on written briefs without oral argument. At the original hearing counsel for defendant-appellant and reconvenor did not appear. Counsel for Louis Williams appeared and argued on behalf of Louis Williams. In the application for rehearing counsel asserts that when he orally argued at the original hearing, expressions of all three members of the panel of judges amounted to a representation by them that they agreed with his client’s position. As a result counsel suggests he was made to feel that further oral argument was superfluous and unnecessary. Thus he claims he was denied the opportunity to make adequate oral argument. The application asserts that the opinion rendered by us “went completely contrary to the verbal representation made at the hearing.”
We are at a loss to understand how any expressions from the bench by any of the panel members could be construed as a “representation” at oral argument that a particular party will prevail. In this case we are unable to recall any expressions which counsel might have construed as such a representation that plaintiff would prevail, thus obviating the need for persuasive argument. Although counsel’s brief fully treated the issues, we granted this rehearing out of an abundance of concern that counsel may have reasonably misinterpreted any comments made from the bench.
In plaintiff-appellee’s application for rehearing he complains that our opinion on original hearing failed to address plaintiff-appellee’s arguments concerning the doctrine of apparent authority. On the original hearing we did not find this doctrine or principle apropos to the facts of this case. Plaintiff-appellee referred us to three cases applying the doctrine: Analab, Inc. v. Bank of the South, 271 So.2d 73 (La.App. 4th Cir. 1972); Crown Zellerbach Corp. v. International Grain Corp., 213 So.2d 53 (La.App. 1st Cir. 1968), writ denied, 252 La. 958, 215 So.2d 128 (1968); and Wolff v. Caddo-Bossier Safety Council, Inc., 168 So.2d 913 (La. App. 2nd Cir. 1964). Those cases concern controversies in which corporations sought to be held liable defended on the ground that the corporate officers or officials who purported to act for the corporations lacked authority to represent or bind the corporations. Here the controversy is not over whether Ben D. Johnson had authority to act for the corporation, Natchitoches Recreational Authority, but rather what was the agreement which he made. In this regard, Mr. Johnson and the corporation take the same position. The Association by its re-conventional demand sought to enforce the obligation on the terms that Johnson maintains were the terms of the agreement of sale. There is no issue here growing out of a repudiation by the Association of Johnson’s acts for the corporation. Hence, there is no occasion for application of the doctrine of apparent authority.
Plaintiff-appellee would have us hold that Johnson deviated from his authority but was veiled with apparent authority and thus could enter into an act of sale of an immovable in contravention of the terms of the corporate resolution attached to and specifically made a part of the act of sale. As we have held, Johnson did not deviate from the terms of the corporate resolution insofar as the resolution reflects that the total consideration was $250,000.00. It is true that a deviation was made in the Association’s favor with reference to the portion of the price to be paid in cash and the portion to be represented by a note secured by mortgage. On original hearing we noted that the Association ratified this deviation.
Other than the point discussed, the brief of plaintiff-appellee is largely directed to our factual findings and evaluation of the credibility and alleged dual representation of both parties by Mr. Andrew Vallien. After considering these arguments we adhere to our original views and our application of the exception to the parol evidence rule.
For the reasons set forth above our judgment on original hearing is reinstated and made the judgment of this court.